United States District Court
Southern District of Texas
**ENTERED**
October 31, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NESTOR-DANIEL D'OLIVEIRA, | § § | CIVIL ACTION NO 4:25-cv-02327 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| STATE OF TEXAS and JUSTICE OF THE PEACE PRECINCT 1, | § § § § | |
| Defendants. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Nestor-Daniel D'Oliveira proceeds here *pro se*. He filed an "equitable petition for declaratory and injunctive relief" in which he challenged two state court judgments convicting him of misdemeanor traffic violations and imposing fines and costs. Dkt 1 at ¶5. He sought a declaration that these judgments violate due process and injunctive relief, thus preventing "the issuance of execution of any warrant" that might subject him "to arrest or incarceration arising from the void judgment." Id at 3.

The matter was referred for disposition to Magistrate Judge Yvonne Ho. Dkt 3. She issued a Memorandum and Recommendation recommending that the claims be dismissed without prejudice for lack of subject-matter jurisdiction. Dkt 5.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see

also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 6. Among other things, he asserts that his petition was brought under "the Court's inherent equitable powers" and that he "invoked exclusive equity jurisdiction, with 'Private, Priority, Special, Confidential, Trade Secrets, Fiduciary Relations' pleadings." Id at 1.

Upon *de novo* review and determination, Plaintiff's objections lack merit. Dkt 6. Plaintiff doesn't allege anywhere in the petition or objections a legitimate basis for a federal court to exercise subject-matter jurisdiction over his claims. And he acknowledges that he isn't in custody, as required by 28 USC §2254. Dkt 6 at 3. The recommendation by the Magistrate Judge is thorough and correct in this respect. Dkt 5 at 2.

Plaintiff points to no other basis upon which subject-matter jurisdiction is proper. And no clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff Nestor-Daniel D'Oliveira to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 6.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 5.

The claims by Plaintiff Nestor-Daniel D'Oliveira putatively asserted against Defendants the State of Texas and Justice of the Peace, Precinct 1 are DISMISSED WITHOUT PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on  October 31, 2025 , at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge