United States District Court
Southern District of Texas

**ENTERED**

November 20, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Nestor-Daniel D'Oliveira, | § § § | |
| *Plaintiff,* | § § | |
| | § | Civil Action No. 4:25-cv-02327 |
| v. | § § | |
| State of Texas and Justice of the Peace Precinct 1, Montgomery County, | § § § § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM AND RECOMMENDATION

On November 4, 2025, Plaintiff Nestor-Daniel D'Oliveira filed a letter requesting that this Court reconsider its October 31, 2025 Order adopting the undersigned's Memorandum and Recommendation and dismissing this case for lack of subject-matter jurisdiction. Dkt. 9; *see also* Dkt. 7 (Order adopting Dkt. 5). Plaintiff's letter reprises the same theory, which this Court already rejected, that the Court has free-standing "equity jurisdiction" to review Plaintiff's convictions for two traffic violations. *Compare* Dkt. 9 at 1, *with* Dkt. 7 (finding that this contention "lack[s] merit"). *Id.* at 2; *see also* Dkt. 1 at 2, 9-12 (D'Oliveiria's complaint). There is no basis for reconsideration.

"The Federal Rules of Civil Procedure do not provide for a 'Motion of Reconsideration,' but such motions may properly be considered either a Rule

59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Hamilton v. Williams*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Because Plaintiff submitted his letter less than 28 days after the dismissal order, the Court construes it as a Rule 59(e) motion. *See D'Arbonne Bend LLC v. Pierce Partners III, LLC*, 2021 WL 3660764, at *2 (S.D. Tex, Jan. 6, 2021).

Relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). To obtain relief, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quotations omitted).

Plaintiff identifies no legal or factual error. Rather, Plaintiff merely rehashes—without legal support—the same jurisdictional theory that this Court found to be meritless. *See, e.g.*, *Garcia v. San Benito Consol. Indep. Sch. Dist.*, 2023 WL 4494396, at *1 (S.D. Tex. June 12, 2023) (rejecting an analogous Rule 59(e) motion that simply reiterated plaintiff's "arguments in his objections" to the magistrate judge's recommendation, without identifying "a manifest error of law or fact").

Plaintiff does attach two arrest warrants dated October 28, 2025, which arise out of the underlying state-court convictions (and likely reflect Plaintiff's failure to pay the related fines). *See* Dkt. 9 at 2-3. But those warrants do not

alter the Court's conclusion that Plaintiff has not identified a "legitimate basis for a federal court to exercise subject-matter jurisdiction over his claims." *See* Dkt. 8 at 3. Because the proffered evidence does not change the outcome, reconsideration should be denied. *See Narayanan v. Midwestern State Univ.*, 2025 WL 2218880, at *5 (5th Cir. Aug. 5, 2025) (per curiam) (affirming denial of Rule 59(e) motion when the allegedly new facts "would not change the outcome of this case").

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Nestor-Daniel D'Oliveira's motion for reconsideration (Dkt. 9) be **DENIED.**

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on November 20, 2025, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge